IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD C. OLSON,

      **Plaintiff,**

      v.

JAMES CARMACK, et al.,

      **Defendants.**

Case No. 15-9156-JAR-GLR

## MEMORANDUM & ORDER

Although this case is in its infancy, Plaintiff has filed a number of motions in this case. The matters before the Court are Plaintiff's: (1) Motion to Amend Complaint (ECF 30), (2) Motion to Amend Complaint (ECF 31), (3) Motion in Support of Motion to Amend Complaint (ECF 62),[1] (4) Petition to Serve as to Linda Sybrandt (ECF 73), (5) Petition for Service on Regina M. Smith (ECF 75), and (6) Motion for Appointment of Counsel (ECF 26). The Court is prepared to rule.

Mr. Olson is proceeding as a *pro se* plaintiff, and this requires that his allegations and pleadings are held to less stringent standards than they otherwise would be if they were drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). While Mr. Olson is entitled to a liberal construction of his pleadings pursuant to his status as a *pro se* plaintiff, he must follow the same rules of procedure that govern other litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

---

[1] Plaintiff filed a multi-part document that included a response, a reply, and a motion. The Clerk's Office therefore docketed the same document three times (*See* ECF 60, 61 and 62), interpreting the motion part of the document as a "Motion for Service by US Marshal of all documents upon all defendants." Because Plaintiff's document is entitled Motion in Support of Motion to Amend Complaint, the Court is construing the part docketed as a motion (ECF 62) as a motion to amend complaint.

On August 4, 2015, Plaintiff filed two Motions to Amend Complaint (ECF 30 and 31). Defendants Frank Denny and Johnson County Kansas Commissioners filed a motion to dismiss on July 21, 2015.  Under Federal Rule of Civil Procedure 15(a)(1)(b), Plaintiff had 21 days from the time that motion was filed to amend his complaint.  Therefore, when Plaintiff filed his motion to amend on August 4 he was within his right to amend his complaint.  The Court grants Plaintiff's Motion to Amend Complaint (ECF 30) and Motion to Amend Complaint (ECF 31), but the Court leaves the question of whether these amendments affect the two previously-filed motions to dismiss by various Defendants to the district judge, Judge Julie A. Robinson. Accordingly, the Clerk's Office shall combine ECF 1, ECF 30, and ECF 31 into one document, refile it as Plaintiff's Amended Complaint as of September 25, 2015, and mail a copy of the Amended Complaint to Plaintiff.

On September 10, 2015, Plaintiff filed a motion for service, which relates to the second motion to amend complaint discussed above (ECF 30), requesting the Court order Regina M. Smith be served at the provided address.  Because the Court grants Plaintiff's motion to amend complaint (ECF 30), the Court also grants Plaintiff's Petition for Service on Regina M. Smith (ECF 75).  The Clerk shall issue summons to the U.S. Marshal or Deputy Marshal, to serve Defendant Regina M. Smith with Plaintiff's Amended Complaint (as compiled and filed by the Clerk's Office).

As for Plaintiff's Motion in Support of Motion to Amend Complaint (ECF 62) filed on August 24, Plaintiff may not amend his complaint as a matter of right under Fed. R. Civ. P. 15(a).  Plaintiff must therefore ask the Court for leave to file an amended complaint.  To the extent Plaintiff's motion is a motion for leave to file an amended complaint, it does not comply with District of Kansas Local Rule 15.1.  This Court has already told Plaintiff he must follow the

2

same rules of procedure that govern other litigants (ECF 23 at 1). Plaintiff's motion, however, does not appear to be a motion for leave to file an amended complaint. Indeed, a strict reading of the filed document indicates this is not a new motion but a memorandum in support of the motion(s) to amend discussed above. This is evidenced by the facts that his document is titled "Motion in Support of Motion to Amend Complaint" and his motion's introductory paragraph begins: "Comes Now Plaintiff and *again asks for his motion to amend complaint be granted* forthwit [sic] for these reasons . . . ." (ECF 62 at 1 (emphasis added)) Regardless of how it is construed, the Court denies Plaintiff's Motion in Support of Motion to Amend Complaint (ECF 62).

Plaintiff also filed a Petition to Serve as to Linda Sybrandt (ECF 73) on September 8, 2015. The Court denies this motion for two reasons. First, Linda Sybrandt has already been served on July 27, 2015 (ECF 15). Second, Plaintiff also appears to ask that two people not named in the complaint be served. As this Court previously indicated to Plaintiff, only parties named in the complaint may be served and therefore Plaintiff must amend his complaint to include them as parties in this case before requesting they be served (ECF 23). The Court once again reminds Plaintiff that Fed. R. Civ. P. 15(a) provides a procedure for amending a complaint—a procedure he must follow despite proceeding *pro se*. But, as discussed above, Plaintiff's window of time to amend his complaint as a matter of right under Fed. R. Civ. P. 15(a) has now closed. Therefore, Plaintiff must seek leave to file an amended complaint, and in doing so, he must comply with Fed. R. Civ. P. 15(a) and D. Kan. Rule 15.1. For these reasons, the Court denies Plaintiff's Petition to Serve as to Linda Sybrandt (ECF 73).

Finally, Plaintiff filed a Motion for Appointment of Counsel (ECF 26). Plaintiff requests he be appointed counsel by this Court. In support of his motion for appointment of counsel,

same rules of procedure that govern other litigants (ECF 23 at 1). Plaintiff's motion, however, does not appear to be a motion for leave to file an amended complaint. Indeed, a strict reading of the filed document indicates this is not a new motion but a memorandum in support of the motion(s) to amend discussed above. This is evidenced by the facts that his document is titled "Motion in Support of Motion to Amend Complaint" and his motion's introductory paragraph begins: "Comes Now Plaintiff and *again asks for his motion to amend complaint be granted* forthwit [sic] for these reasons . . . ." (ECF 62 at 1 (emphasis added)) Regardless of how it is construed, the Court denies Plaintiff's Motion in Support of Motion to Amend Complaint (ECF 62).

Plaintiff also filed a Petition to Serve as to Linda Sybrandt (ECF 73) on September 8, 2015. The Court denies this motion for two reasons. First, Linda Sybrandt has already been served on July 27, 2015 (ECF 15). Second, Plaintiff also appears to ask that two people not named in the complaint be served. As this Court previously indicated to Plaintiff, only parties named in the complaint may be served and therefore Plaintiff must amend his complaint to include them as parties in this case before requesting they be served (ECF 23). The Court once again reminds Plaintiff that Fed. R. Civ. P. 15(a) provides a procedure for amending a complaint—a procedure he must follow despite proceeding *pro se*. But, as discussed above, Plaintiff's window of time to amend his complaint as a matter of right under Fed. R. Civ. P. 15(a) has now closed. Therefore, Plaintiff must seek leave to file an amended complaint, and in doing so, he must comply with Fed. R. Civ. P. 15(a) and D. Kan. Rule 15.1. For these reasons, the Court denies Plaintiff's Petition to Serve as to Linda Sybrandt (ECF 73).

Finally, Plaintiff filed a Motion for Appointment of Counsel (ECF 26). Plaintiff requests he be appointed counsel by this Court. In support of his motion for appointment of counsel,

Plaintiff states: "As Plaintiff is not learned of law, is blind, and several stroke, heart problems and number other health problems it is necessary that counsel be appointed forth wit. Plaintiff is housebound and unable to go to attornies offices and can not see number to call."[2]  (ECF 26)

A party to a civil action has no constitutional right to appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543 (10th Cir. 1989). Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In addition to determining the financial need of the movant, if the court determines the movant has a colorable claim, then it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (citing *Williams v. Messe*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)). The party moving for appointment of counsel bears the burden to convince the court there is sufficient merit to his claim to warrant appointment of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court does not believe Plaintiff has demonstrated a colorable claim. Plaintiff's Complaint (ECF 1) states that his case arises from a denial of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. However, the factual allegations in Plaintiff's Complaint—which are sparse, to say the least—appear to allege a civil conspiracy involving various law

---

[2] The Court transcribed Plaintiff's quote verbatim.

enforcement officers and agencies and his neighbors. Plaintiff's factual support in his Complaint reads as follows: "From 3-1-2013 to 8-20-2013 All defendants through a wrongfull conspiracy did A CID investigation on me knowing I was a sick man during this time I was in intensive care at KCMO VA. After discharge all defendants through a conspiracy accused me of a murder investigation causing me to have a stroke and blood clots on brain causing legal blindness." (ECF 1 at 3–4) Even if the Court included the additional facts in Plaintiff's motions to amend his complaint (ECF 30, 31), Plaintiff fails to state a claim arising under the First, Fourth, Fifth, and Fourteenth Amendments. Likewise, to the extent Plaintiff is alleging a civil conspiracy claim, this Court does not think Plaintiff has a high likelihood of prevailing on the merits based on the record before the Court. Because the Court does not believe Plaintiff has demonstrated a colorable claim, the Court need not address the remaining factors. Accordingly, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's: Motion to Amend Complaint (ECF 30) and Motion to Amend Complaint (ECF 31) are granted. The Clerk's Office shall combine ECF 1, ECF 30, and ECF 31 into one document, refile it as Plaintiff's Amended Complaint as of September 23, 2015, and mail a copy to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Service on Regina M. Smith (ECF 75) is granted. The Clerk shall issue summons to the U.S. Marshal, or Deputy Marshal, to serve Defendant Regina M. Smith at 10551 Mission Rd. #201, Leawood, Kansas 66206.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Support of Motion to Amend Complaint (ECF 62) and Petition to Serve as to Linda Sybrandt (ECF 73) are denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF 26) is denied.

**IT IS SO ORDERED.**

Dated this 23th day of September, 2015, at Kansas City, Kansas.

> S/Gerald L. Rushfelt
> Gerald L. Rushfelt
> U.S. Magistrate Judge