IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD C. OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 15-9156-JAR |
| JAMES CARMACK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER**

This lawsuit was filed *pro se* by Richard C. Olson.  Plaintiff asserts this Court has jurisdiction under 28 U.S.C. § 1343 based on violations of his civil rights and as a federal question based on violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's amended complaint alleges that Defendants conspired to deny him of his "constitutional and 1983 civil rights" pursuant to an alleged murder investigation.  On September 28, 2015, Plaintiff filed a "Motion for Restraint" (Doc. 88).[1]  Plaintiff's motion seeks to enjoin three of the twelve named Defendants' "continued surveillance" and verbal and physical "threats" aimed at Plaintiff.

To obtain a temporary restraining order or a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[2]  The moving party must establish the following elements to obtain relief:

---

[1] Plaintiff's motion is titled as a "Motion for Restraint," and within the motion Plaintiff asks for a "restraining order."  Plaintiff does not qualify the restraining order he seeks as "temporary," and Defendants contend that the relief sought is more properly viewed as a motion for preliminary injunction.  For purposes of this motion, the Court will refer to the relief sought as a temporary restraining order.

[2] *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

> (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[3]

Under Federal Rule of Civil Procedure 65(b), a temporary restraining order or preliminary injunction may be granted only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[4] In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberative investigation."[5]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.[6] If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that

---

[3] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[4] Fed. R. Civ. P. 65(b); *Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1087 (D. Kan. 2006).

[5] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

[6] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[7]

Plaintiff does not cite to nor discuss the elements required for obtaining a temporary restraining order. Plaintiff has not proffered any argument that he is substantially likely to succeed on his claims. Plaintiff's complaint appears to allege violations of various constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks to obtain a "restraining order" against Defendants Marc Lassalle, Allison Lassalle, and James Reid Graham for "continued surveillance" and "threats," but does not claim in any way that these Defendants acted under color of state law as required under Section 1983.[8]

Additionally, Plaintiff has not shown that he will be immediately, irreparably harmed by denial of his request for a temporary restraining order. Plaintiff's motion refers to "continued surveillance" and verbal and physical "threats," but these allegations are not shown by affidavit or in a verified complaint as required by Federal Rule of Civil Procedure 65(b). Finally, Plaintiff has not shown that the harm to him if an injunction does not issue outweighs any harm to the Defendant in being enjoined or that such an injunction would not be adverse to the public interest. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order (Doc. 88) is **denied**.

**IT IS SO ORDERED.**

---

[7] *Schrier*, 427 F.3d at 1259 (quoting *O Centro*, 389 F.3d at 975).

[8] 42 U.S.C. § 1983; *see Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) ("The 'under color of state law' requirement is 'a jurisdictional requisite for a § 1983 action' . . . Thus, private conduct that is not 'fairly attributable' to the State is simply not actionable under § 1983.") (internal citations omitted).

Dated: <u>October 22, 2015</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE