IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD C. OLSON, | ) |
| Plaintiff, | ) No. 15-9156-JAR |
| v. | ) |
| JAMES CARMACK, ET AL., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Richard C. Olson, proceeding pro se and in forma pauperis, brings this action against Defendants alleging that they violated his Constitutional and civil rights by engaging in a conspiracy to accuse him of murder. In the caption and description of parties, Plaintiff names the following thirteen Defendants: James Carmack; Frank Denny; Johnson County, Kansas; James Reid Graham; Marc Lasalle; Allison Lasalle; Regina Smith; Linda Sybrandt; City of Lenexa, Kansas; Jon Guilford; Kansas City Missouri Police Department; Marcus Regan; and Jason Hinkle.

**I.  Background**

Plaintiff filed the present suit against the Defendants named above on July 6, 2015.[1] Plaintiff filed an amended Complaint on September 23, 2015.[2] In his original Complaint, Plaintiff asserted that the Court has jurisdiction in this case based on violations of his civil rights, violations of his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States

---

[1] Doc. 1.

[2] Doc. 83.

Constitution, and violations of his "state constitution" rights. Plaintiff alleges in his amended Complaint that Defendants conspired to violate "his [C]onstitutional and 1983 civil [r]ights."[3]

In his amended Complaint, Plaintiff describes the actions of several investigators and neighbors who allegedly caused violations of his constitutional rights. Plaintiff alleges that Defendant James Carmack is still investigating Plaintiff by "going into his medical records and causing plaintiff trouble with his appointments and medical treatment." Plaintiff also claims that after he was released from the Kansas City, Missouri, Veterans Affairs hospital, Carmack and other investigators came to the front door of his home and "banged on it as if to break it." Finally, Plaintiff alleges that Carmack obtained statements from his neighbors concerning the investigation, and that these statements were untrue. The remainder of the amended complaint describes Plaintiff's health problems—including blindness and a stroke—that were allegedly caused by the investigation.[4]

Plaintiff filed a motion to amend his amended Complaint on October 13, 2015.[5] Plaintiff asserts in his proposed amendments that Defendants denied his "Americans with Disabilities Act [r]ights by causing . . . to make happen a stroke and subsequent [b]lindness from [b]lood clots to the brain from [a]ll these defendants['] wrongful[] actions." Defendants have filed various motions to dismiss, motions to strike, and motions for summary judgment.

---

[3] *Id.*

[4] *Id.*

[5] Doc. 110.

**II.     Discussion**

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must review Plaintiff's amended Complaint and dismiss the case if the Complaint is frivolous or malicious or does not state a claim on which relief may be granted.  It is well established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff.  In addition, we must construe a pro se applicant's complaint liberally.[6]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[7]

Plaintiff names several of his neighbors as Defendants in this case.  These neighbors are: James Reid Graham, Marc Lassalle, Allison Lassalle, and Regina Young.  Plaintiff appears to bring his constitutional claims against these Defendants as a Section 1983 action.[8]  Under Section 1983, a plaintiff must demonstrate that the challenged conduct constitutes "action under color of state law."[9]  Alternatively, a plaintiff can bring a Section 1983 claim against a private defendant based on a conspiracy theory by

---

[6] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[7] *See Jones v. Barry*, 33 F.App'x 967, 971 2002 WL 725431 (10th Cir. Apr. 25, 2002).

[8] As noted above, Plaintiff alleges violations of his "constitutional and 1983 civil rights."  It is well established, however, that "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Thus, Plaintiff cannot maintain an action for violation of his "1983 civil rights."  The Court therefore construes Plaintiff's claims as constitutional claims arising under Section 1983.

[9] 42 U.S.C. § 1983.

3

showing an agreement with state actors to violate the plaintiff's Constitutional rights.[10] Here, Plaintiff does not allege that these neighbors acted under color of state law. Although Plaintiff asserts that Defendants conspired to violate his Constitutional rights, he does not allege an agreement between the parties or provide more than a conclusory statement about this conspiracy.[11]  Therefore, the Court must dismiss Plaintiff's claims against Defendants Graham, Lasalle, and Young.

The remainder of Plaintiff's claims, against public employees and government entities, must also be dismissed for failure to state a claim for relief.  Plaintiff's Complaint fails to meet even the minimal standards of notice pleading set out in Fed. R. Civ. P. 8(a) because it fails to provide notice of the claims to which the Defendants are entitled under that rule.  Plaintiff lists out at the beginning of his Complaint violations of his First, Fourth, Fifth, and Fourteenth Amendment rights, as well as rights based on the "state constitution."[12]  However, Plaintiff does not allege how Defendants' investigation violated these rights.  Plaintiff describes how Carmack reviewed his medical files, knocked on his door, and spoke with his neighbors, but does not identify which Constitutional rights these actions violated or provide a basis for their illegality. Plaintiff's conclusory statement that Defendants violated his Constitutional rights similarly fails to state a claim for relief.

The Court also finds that any attempt to remedy the amended Complaint would be futile.  In his proposed amendments, Plaintiff again describes his health problems and

---

[10] *Dixon v. City of Lawton, Okla.*, 898 F.2d 1443 (10th Cir. 1990).

[11] *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citing *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989)).

[12] Doc. 83, at 3.

alleges general violations of his civil rights.[13]  This recitation adds little to the factual allegations in Plaintiff's amended complaint.  Further, Plaintiff's conclusory statement that Defendants denied his Americans with Disability Act rights is not supported by factual allegations of such a denial.  Thus, the Court finds that Plaintiff's proposed amendments would be futile.[14]  Therefore, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on this ruling, the Court finds Defendants' motions to dismiss, motions to strike, and motions for summary judgment are moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's amended Complaint (Doc. 83) is **dismissed**, with prejudice, for the reasons set out above.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' motions to dismiss, motions to strike, and motions for summary judgment are **moot.**

**IT IS SO ORDERED.**

Dated: November 9, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] Doc. 110.

[14] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (stating that courts may refuse leave to amend based on a finding of "futility of amendment").